UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSE MORRIS ORTEGA MENJIVAR,
 A/K/A JOSE ORTEGA,

                                            Plaintiff,

                -against-

JORGE LUIS AZAR, SUGAR MILE, INC.,
JORGE LUIS AZAR d/b/a MARIA'S PASTRY SHOP,
and MARIA'S PASTRY SHOP, INC.,
                                            Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-cv-1577 (JMA) (SIL)

FILED
CLERK
1/10/2025 12:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Jose Morris Ortega Menjivar for a default judgment against Defendants Jorge Luis Azar, Sugar Mile, Inc., and Maria's Pastry Shop, Inc. (See Compl., ECF No. 1.) Plaintiff alleges that Defendants failed to: (1) pay him overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay him spread of hours compensation in violation of the NYLL; and (3) provide him with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED against all Defendants and Plaintiff is awarded a default judgment in the amount of $103,192.25.

## I. DISCUSSION

**A.    Defendants Defaulted**

The record reflects that all Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds all Defendants in default.

B.  **Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, those requirements are met.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions.  See 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; see Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021).  The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the overtime, spread of hours, wage notice, and wage statement provisions of the NYLL, see NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3).  See Guerrero, 2021 WL 4155124, at *2.

C.  **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court may determine that

there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $103,192.25 plus post-judgment interest against Defendants, jointly and severally, for violations of the FLSA and NYLL.[1]  The record, which includes Plaintiff's declaration, establishing the following damages to a reasonable certainty:

i. $49,754.75 for underpayment of regular and overtime wages;
ii. $49,754.75 for liquidated damages;
iii. $3,682.75 in prejudgment interest.

This results in a total damages award of $103,192.25.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants Jorge Luis Azar, Sugar Mile, Inc., and Maria's Pastry Shop, Inc. are jointly and severally liable to Plaintiff for $103,192.25.  The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by

---

[1] Plaintiff also requests that the Court award "reasonable attorneys' fees, which [he] respectfully submit[s] can be provided to this Court in a supplemental filing to determine reasonable attorneys' fees to be added to the Judgment amount." (ECF No. 12-3 ¶ 23.)  The Court will consider awarding reasonable attorneys' fees if and when such a supplemental filing is made.

3

fifteen percent." NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: January 10, 2025
Central Islip, New York

                 /s/  (JMA)
               JOAN M. AZRACK
               UNITED STATES DISTRICT JUDGE